IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CYNTHIA D. HAMPTON                                                                     PLAINTIFF

v.                                    CIVIL NO. 04-2170

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Cynthia D. Hampton brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were protectively filed on July 25, 2002, alleging an inability to work since February 1, 2002, due to painful knees, wrists, hands and back, stomach problems and emotional problems. (Tr. 61-64198-201). An administrative hearing was held on May 16, 2003. (Tr. 208-241). Plaintiff was present and represented by counsel.

By written decision dated July 23, 2003, the ALL found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 22). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of

severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALL found plaintiff retained the residual functional capacity (RFC) to perform a wide range of unskilled light exertional work activities. (Tr. 23). Specifically, the ALL found plaintiff could lift and carry ten pounds frequently, twenty pounds occasionally; could push and/or pull the same amounts; could sit for six hours out of an eight-hour workday; could stand/walk for six hours out of an eight-hour workday; could occasionally stoop, crouch, kneel, crawl and climb stairs but never climb ropes, ladders or scaffolds; and could frequently perform fine manipulation such as fingering. The ALL further found plaintiff's mental limitations precluded her from working at no more than unskilled work with only incidental contact with the general public, co-workers or supervisors. With the help of vocational expert testimony, the ALL found plaintiff is able to perform other work as a hotel/motel housekeeper and a machine bearer.

Plaintiff appealed the decision of the ALL to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on June 24, 2004. (Tr. 3-5). When the Appeals Council declined review, the ALL's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned pursuant to the consent of the parties. (Doc. #'s 9,10).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

2

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision. The ALL's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALL, the decision of the ALL must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

3

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

Of particular concern to the undersigned, is the ALL's RFC determination. The ALL has a duty to fully and fairly develop the record. *Snead v. Barnhart,* 360 F.3d 834, 836-37 (8th Cir.2004). It is incumbent upon the ALL to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities. To properly determine a claimant's RFC, an ALL is "required to consider at least some supporting evidence from a [medical] professional" *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The ALL is free to disregard a treating/examining physician; however, he must have some professional medical evidence to support the RFC determination.

After reviewing all of the medical evidence contained in the file, the ALL determined plaintiff would be able to perform unskilled light work with only incidental contact with the general public, co-workers and supervisors. (Tr. 23). The ALL based this determination on the opinion of Dr. Brad Williams, non-examining medical consultant. The ALL noted that Dr. Williams opinion could not be given controlling weight but weighted his opinion as a highly qualified psychologist. The ALL further stated that Dr. Williams had access to the entire file when he rendered his decision. However, at the hearing on May 16, 2003, over four months after

AO72A
(Rev. 8/82)

Dr. Williams gave his opinion, plaintiff submitted a medical assessment of ability to do work-related activities (mental), completed by Dr. Douglas A. Brown, a consultative examining psychologist who examined plaintiff on December 31, 2002. (Tr. 164-166, 195-197). Based on his evaluation of plaintiff, Dr. Brown opined plaintiff had a poor to no ability to interact with supervisors, deal with work stresses, maintain attention and concentration, behave in an emotionally stable manner and relate predictably in social situations. Dr. Brown also found plaintiff had a fair ability to relate to co-workers, deal with the public, use judgment, function independently, understand, remember and carry out complex and detailed but not complex job instructions, maintain personal appearance and demonstrate reliability.

In discounting the opinion of Dr. Brown, the ALL noted that Dr. Brown based his opinion on information plaintiff conveyed to him during the December 31, 2002, evaluation. Since most psychologists use a persons descriptions and feelings as a basis for making diagnoses and determining what treatment is needed we are puzzled by the ALL's finding that Dr. Brown's opinion should not be given more weight because it is based in information conveyed by plaintiff.

We are further troubled by the ALL's determination that plaintiff can perform other work as a hotel/motel housekeeper and a machine bearer. The ALL's hypothetical to the vocational expert included the limitation that plaintiff could perform work where interpersonal contact with the general public, co-workers and supervisors was only incidental. (Tr. 235). The vocational expert opined plaintiff would not be able to perform her past relevant work but would be able to perform work as a hotel/motel housekeeper and a machine bearer. However, when plaintiff's attorney gave the vocational expert two separate hypothetical questions, one with the limitations

5

indicated in the assessment completed by Dr. Brown in December of 2002, and the other with specific limitations set out by Dr. Williams in his assessment in January of 2003, the vocational expert testified that plaintiff would not be able to perform work in the national or regional economies. (Tr. 237-239). The ALL did not discuss the discrepancies in the vocational expert's testimony regarding the findings of Dr. Williams. This is particularly disturbing because the only assessments regarding plaintiff's mental functional capabilities were the opinions of Drs. Brown and Williams.

We believe remand is warranted so that the ALL can more fully and fairly develop the record. With regard to plaintiff's mental functioning, on remand, the ALL is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). . The ALL may also order another psychological consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a mental examination and appropriate testing needed to properly diagnosis plaintiff's condition and complete a mental RFC assessment. *See* 20 C.F.R. §§ 404.1517, 416.917. The ALL should then re-evaluate plaintiff's mental RFC and re-question the vocational expert based on the new RFC assessment.

AO72A
(Rev. 8/82)

We note that the medical evidence is also somewhat ambiguous with regard to plaintiff's physical limitations and her physical RFC. On remand, the ALL is directed to address interrogatories to plaintiff's examining/treating physicians asking the physicians to review plaintiff's medical records and to complete a RFC assessment regarding plaintiff's physical capabilities during the time period in question. The ALL should then re-evaluate plaintiff's RFC and specifically list in the hypothetical to the vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence, such as limitations in sitting, standing, bending, the need for a sit/stand option, etc.

We further suggest that the ALL address plaintiff's alleged inability to afford medical treatment and medication. (Tr. 77, 103).

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the ALL and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 20th day of September 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

7

AO72A
(Rev. 8/82)